CHRISTIANSEN, Judge
(concurring):
¶ 43 I agree with the majority opinion’s conclusion that defense counsel’s performance at trial was deficient when he failed to argue that the alleged “threat” made to Scott by Teresa was non-hearsay. As explained by the majority, supra ¶22, Teresa’s alleged threat to Scott was not a statement offered for its truth and thus fell outside of the definition of hearsay. See Utah (R. Evid. 801(c); United States v. Stratton, 779 F.2d 820, 830 (2d Cir. 1986), Competent defense counsel should have known enough to correctly argue that the rules of evidence would allow the jury to hear this testimony. And, while I do not believe that hearing the specifics of the alleged threat would ultimately have made a difference in the jury’s verdict, I recognize that it is “not within the province of an appellate court to substitute its judgment for that of a front line fact-finder.” In re Z.D., 2006 UT 64, ¶ 24, 147 P.3d 401. Therefore, I agree that remand is warranted.
¶44 However, though I agree with the majority opinion, I write separately to voice my concern regarding the current statutory implementation of the extreme emotional distress (EED) defense. I do not believe the EED defense should have been available to Scott. After Scott had abused and threatened her over the course of several years, he shot an unarmed Teresa three times, including once in the mouth, while she was lying on their bed with her cell phone in her hand. In my view, this “reaction” to the marital difficulties combined with an alleged threat by Teresa does not create a situation in which Scott should be able to claim he was exposed “to extreme emotional distress” that would reasonably explain and mitigate his loss of self-control. Though our courts have employed a generous approach to the EED defense, see, e.g., State v. White, 2011 UT 21, ¶ 29, 251 P.3d 820, we must still consider the circumstances surrounding a defendant’s purported EED from the viewpoint of a reasonable person. “Thus, the legal standard is whether the circumstances were such that the average reasonable person would react by experiencing a loss of self-control.” Id. ¶36 (citation and internal quotation marks omitted).
¶ 46 I do not agree-with Scott’s assertion that a difficult and contentious marriage, combined with Teresa’s alleged threat, could have resulted in the type of extremely unusual and overwhelming stress that would cause “the average reasonable person” to experience “a loss of self-control.” See id. (citation and internal quotation marks omitted). Allowing the defendant to claim special mitigation under facts such as these undercuts and de-legitimizes the proper purpose of the battered-spouse aspect of the EED defense.
¶46 Indeed, the availability of the EED defense to persons in Scott’s situation highlights the defense’s problematic history. As this court has recently stated, and as noted in Judge Voros’s concurring opinion, “What is generally known as the provocation defense has for two decades been criticized as mitigating violence committed by men against women in intimate relationships. It now is one of the most controversial doctrines in the criminal law because of its perceived gender bias[.]” State v. Sanchez, 2016 UT App 189, ¶ 40 n.9, 380 P.3d 375 (citation and internal quotation marks omitted) (collecting authorities), cert. granted, 390 P.3d *846 719 (Utah 2017) and 390 P.3d 727 (Utah 2017); see also, e.g., James J. Sing, Culture as Sameness: Toward a Synthetic View of Provocation and Culture in the Criminal Law, 108 Yale L.J. 1845, 1865 (1999) (noting that the “provocation doctrine has its historical roots in a value system that embraced the oppression of women”). It is true that EED defense jurisprudence has come a long way since the old common law provocation/heat of passion defense. See, e.g., State v. Bishop, 753 P.2d 439, 468-70 (Utah 1988) (plurality opinion) (discussing the evolution of the EED defense in Utah), overruled on other grounds as recognized by Ross v. State, 2012 UT 93, 293 P.3d 345. But, as applied here, the EED defense allows an abusive defendant such as Scott (who had committed domestic violence against Teresa and who had at one time been the subject of a restraining order) to claim that the cumulative emotional stress of a difficult marriage and a single alleged threat mitigated his otherwise unprovoked murder of his wife. By doing so, the current statutory implementation of the EED defense gives continued life to antiquated notions of spousal control and perpetuates a belief that violence against women and intimate-partner homicide are acceptable and legitimate. The law should not do so. I therefore urge our legislature to review Utah Code section 76-5-205.5, and to consider explicit recognition in the statute that an abusive spouse or partner cannot claim special mitigation under these types of circumstances.